UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cr-00161-SEP-RHH |
| | ) |
| REGINA BRAND, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Regina Brand, represented by defense counsel Michelle Nasser, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 1 of the Indictment, the United States agrees to dismiss at the time of sentencing Counts 2 through 4 of the Indictment. In addition, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's wire fraud scheme and the aggravated identity theft described in the Indictment, of

1

which the Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that the United States will request a sentence within the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that Defendant may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

### 3. ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1343, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One**, the defendant voluntarily and intentionally devised or participated in the scheme described in the Indictment to obtain money by means of material false representations or promises;

**Two**, the defendant did so with intent to defraud; and

**Three**, the defendant caused to be used an interstate wire communication, in that she submitted an electronic Missouri State Assistance for Housing Relief Program application on December 6, 2021, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

2

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning by at least on or about January 1, 2021, and continuing through at least on or about June 30, 2022, in the Eastern District of Missouri, and elsewhere, Defendant Regina Brand, with the intent to defraud, devised a scheme and artifice to defraud the Missouri Housing Development Commission ("MHDC") and participating Paycheck Protection Program ("PPP") lenders and to obtain money and property from the MHDC and participating PPP lenders by means of material false and fraudulent pretenses, representations, and promises, as described further herein.

### a. Factual Basis for Guilty Plea

Between September 1, 2021, and at least June 30, 2022, Defendant submitted a total of at least twelve fraudulent applications for rental assistance under the Missouri State Assistance for Housing Relief Program ("SAFHR") program to the MHDC. For each of the fraudulent applications that Defendant submitted to the MHDC, Defendant listed the landlord as either Angels Voices or Brand Construction. But, in truth and fact, neither entity ever served as the landlord for any of the tenants listed in the twelve fraudulent applications that Defendant submitted to the MHDC.

Defendant also submitted fraudulent lease agreements to the MHDC in support of each of the fraudulent applications for rental assistance that she submitted to the MHDC. In each of the fraudulent lease agreements, Defendant listed either Angels Voices or Brand Construction as the

3

landlord. But, in truth and fact, neither Angels Voices nor Brand Construction ever served as the landlord for any of the tenants listed in the fraudulent lease agreements.

For each of the twelve fraudulent applications for rental assistance that Defendant submitted to the MHDC, Defendant provided one of the two following bank accounts to receive rental assistance dollars from the MHDC: an Enterprise Bank & Trust account for Brand Construction (account number ending in 1277) or an Enterprise Bank & Trust account for Angels Voices (account number ending in 1279). Defendant was the only signor for both bank accounts that she included on the fraudulent applications for rental assistance to the MHDC.

Defendant electronically submitted each of the twelve fraudulent applications for rental assistance to the MHDC within the Eastern District of Missouri. After Defendant electronically submitted the fraudulent applications for rental assistance, those applications traveled by means of wire transmission through a server located in Nevada before arriving at the MHDC for processing. Based on the material misrepresentations that Defendant made in her fraudulent applications for rental assistance, the MHDC wired a total of $96,825.00 to Defendant's bank accounts.

On December 6, 2021, within the Eastern District of Missouri, for the purpose of executing the above-described scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same, Defendant did knowingly transmit by means of wire communication in and affecting interstate commerce, an electronic SAFHR application (#144745) for rental assistance that Defendant submitted to the MHDC through an out-of-state server from the Eastern District of Missouri.

b. **Relevant Conduct**

In addition, between April 1, 2020, and at least August 25, 2021, Defendant submitted a total of four fraudulent PPP loan applications to participating PPP lenders. First, Defendant submitted a fraudulent PPP loan application to Enterprise Bank & Trust Bank for Brand Construction on or about April 28, 2020. Second, Defendant submitted a fraudulent second draw PPP loan application to Carrollton Bank for Brand Construction on or about January 11, 2021. Third, Defendant submitted a fraudulent PPP loan application to Carrollton Bank for Angels Voices on or about January 13, 2021. Fourth, Defendant submitted a fraudulent second draw PPP loan application to Harvest Small Business Finance, LLC for Angels Voices on or about April 15, 2021.

For each of the four fraudulent PPP loan applications submitted by Defendant, Defendant knowingly made numerous materially false and fraudulent representations. Among other things, Defendant falsely, and fraudulently inflated the average monthly payroll and number of employees listed in each of the four fraudulent PPP loan applications that she submitted. Based on the material misrepresentations that Defendant made in her fraudulent PPP loan applications, participating PPP lenders wired a total of $140,261.05 to Defendant's bank accounts. Like all PPP loans, these PPP loans were provided in connection with a major disaster declaration under section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act and an emergency declaration under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act. Once Defendant obtained the proceeds of the loans issued to her, she knowingly used all of those proceeds to pay for items that she knew were not authorized under the PPP.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

## 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** As to Count 1, the parties agree that the base offense level is 7, as found in Section 2B1.1(a)(1).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply as to Count 1:

The parties agree that 10 levels should be added pursuant to Section 2B1.1(b)(1)(G) because the loss exceeds $150,000, but does not exceed $250,000.

The parties agree that 2 levels should be added pursuant to Section 2B1.1(b)(12) because the offense involved conduct described in 18 U.S.C. § 1040.

The parties agree that a 2-level variance should be applied based on the history and characteristics of the defendant, under Title 18, United States Code, Section 3553(a).

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

d. **Estimated Total Offense Level:** The parties estimate that the total offense level is 14 (including the agreed-upon 2-level variance). If the presentence investigation report determines a different total offense level, the parties are permitted to object to or accept any enhancements or reductions in the presentence investigation report.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **c. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **d. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **e. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and

costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the Indictment. The parties agree that the restitution amount in this case is $237,086.05.

**f. Forfeiture:** Defendant specifically agrees to the entry of a forfeiture money judgment against Defendant and in favor of the United States in the amount of $237,086.05, which represents the value of any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such offense.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly,

threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

_____
8-15-23
Date

_____
Derek Wiseman
Assistant United States Attorney

8.15.23
Date

_____
Regina Brand
Defendant

08/15/2023
Date

_____
Michelle Nasser
Attorney for Defendant

13